UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

In the Matter of:                              :     Chapter 13
                                               :
TAMMY B. BIVINS,                               :
                                               :
            Debtor                             :     Case No. 06-51778 RFH
                                               :
CAPITAL ONE AUTO FINANCE,                      :
                                               :
            Movant                             :
                                               :
       vs.                                     :
                                               :
TAMMY B. BIVINS and                            :
CAMILLE HOPE,                                  :
                                               :
            Respondents                        :
                                               :

BEFORE

ROBERT F. HERSHNER, JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

COUNSEL:

For Debtor:                        Robert M. Matson
                                   P.O. Box 1773
                                   Macon, Georgia 31202

For Capital One Auto Finance:      Stephen H. Block
                                   2270 Resurgens  Plaza
                                   945 East Paces Ferry Road
                                   Atlanta, Georgia 30326

                                                Molly L. McCollum
                                                3727 Vineville Avenue
                                                Macon, Georgia 31204

For Chapter 13 Trustee:          Laura D. Wilson
                                                P.O. Box 854
                                                Macon, Georgia 31202

## **MEMORANDUM OPINION**

Capital One Auto Finance, ("Capital One"), filed on November 20, 2006, an Objection To Confirmation. Tammy B. Bivins, Respondent, filed a response on December 22, 2006. The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.

The material facts are not in dispute. Respondent purchased a 2006 Chevrolet Cobalt (the "vehicle") on June 24, 2006. Capital One financed the purchase and holds a purchase money security interest in the vehicle. The vehicle was purchased for Respondent's personal use. Respondent filed a petition under Chapter 13 of the Bankruptcy Code on September 21, 2006. Respondent purchased her vehicle within 910 days of the date that she filed for bankruptcy relief. Respondent, through her proposed Chapter 13 plan, proposes to surrender the vehicle in full satisfaction of her obligation to Capital One. Respondent's proposed Chapter 13 plan proposes to pay a 100% dividend on non-priority unsecured claims. Capital One filed a proof of claim asserting a secured claim for $17,606.26. The value of the vehicle is less than the amount of Capital One's claim.

Capital One objects to Respondent's proposal to surrender the vehicle in full satisfaction of her obligation. Section 1325(a)(5) of the Bankruptcy Code provides:

**§ 1325.  Confirmation of plan.**

   **(a)** Except as provided in subsection (b), the court shall confirm a plan if—

   . . .

   **(5)** with respect to each allowed secured claim provided for by the plan—

      **(A)** the holder of such claim has accepted the plan;

      **(B)(i)** the plan provides that—

         **(I)** the holder of such claim retain the lien securing such claim until the earlier of—

            **(aa)** the payment of the underlying debt determined under nonbankruptcy law; or

            **(bb)** discharge under section 1328; and

         **(II)** if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

      **(ii)** the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

      **(iii)** if—

         **(I)** property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be equal monthly amounts; and

> **(II)** the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
>
> **(C)** the debtor surrenders the property securing such claim to such holder;
>
>   . . .
>
>   For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing;

11 U.S.C.A. §1325(a)(5) (West 2004 & Supp. 2006).


The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") became effective, in relevant part, on October 17, 2005. Respondent's bankruptcy petition was filed on September 21, 2006, and is governed by BAPCPA. The last paragraph of section 1325(a) provides that for purposes of paragraph (5), section 506 of the Bankruptcy Code shall not apply to a claim that is secured by a purchase money security interest in a motor vehicle on a debt incurred within 910 days

5

preceding the bankruptcy filing if the vehicle was acquired for the personal use of the debtor. The last paragraph of section 1325(a) is sometimes referred to as the unnumbered paragraph or the hanging paragraph. Prior to BAPCPA's amendment of section 1325(a), a debtor could bifurcate an undersecured claim into a secured claim and an unsecured claim. The last paragraph of section 1325(a), as amended by BAPCPA, prevents bifurcation of certain undersecured claims. Triad Financial Corp. v. Brown, (In re Brown), 346 B.R. 246, 247-48 (Bankr. M.D. Ga. 2006).

Under section 506(a) of the Bankruptcy Code[1] a "secured creditor's claim is to be divided into secured and unsecured portions, with the secured portion of the claim limited to the value of the collateral." Associates Commercial Corp. v. Rash, 520 U.S. 953, 117 S. Ct. 1879, 1884, 138 L.Ed.2d 148 (1997).

The secured portion of a claim becomes a secured claim and the unsecured portion becomes an unsecured claim. United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 109 S. Ct. 1026, 1029 n3, 103 L.Ed.2d 290 (1989).

Respondent concedes that Capital One's secured claim is protected from bifurcation by the hanging paragraph. Section 1325(a)(5) provides three ways that Respondent can deal with Capital One's secured claim. First, Capital One could accept the proposed Chapter 13 Plan. Second, Respondent could retain the vehicle and pay the "present value" of Capital One's secured claim. Third, Respondent could

---

[1] 11 U.S.C.A. § 506(a) (West 2004).

surrender the vehicle to Capital One.

Respondent has chosen to surrender the vehicle.[2] Capital One does not oppose the surrender but contends that it is entitled to file an unsecured claim for any deficiency that remains after it disposes of the vehicle.

A majority of courts hold that under section 1325(a)(5)(C), as amended by BAPCPA, a Chapter 13 debtor can surrender a vehicle in full satisfaction of the secured creditor's claim and that the creditor cannot assert an unsecured claim for a deficiency after disposal of the vehicle. These courts hold that the hanging paragraph applies to both subsections (B) and (C) of section 1325(a)(5). In re Quick, 2007 WL 269808 (Bankr. N.D. Okla., Jan. 26, 2007); In re Gentry, 2006 WL 3392947 (Bankr. E.D. Tenn., Nov. 22, 2006); In re Turkowitch, 355 B.R. 120 (Bankr. E.D. Wis. 2006); In re Feddersen, 355 B.R. 738 (Bankr. S.D. Ill. 2006); In re Pool, 351 B.R. 747 (Bankr. D. Or. 2006); In re Nicely, 349 B.R. 600 (Bankr. W.D. Mo. 2006) (Dow, J.); In re Evans, 349 B.R. 498 (Bankr. E.D. Mich. 2006); In re Osborn, 348 B.R. 500 (Bankr. W.D. Mo. 2006) (Federman, J.); In re Sparks, 346 B.R. 767 (Bankr. S.D. Ohio 2006) (Aug, J.); In re Brown, 346 B.R. 868 (Bankr. N.D. Fla. 2006); In re Payne, 347 B.R. 278 (Bankr. S.D. Ohio 2006), (Preston, J.); In re Ezell, 338 B.R. 330 (Bankr. E.D. Tenn. 2006).

---

[2] A consent order was entered on February 2, 2007, allowing Capital One "to proceed with its remedies as allowed by Georgia law and the contract," including selling or disposing of the vehicle.

In <u>In re Nicely</u>, the bankruptcy court stated:

> If the claim may not be bifurcated when the debtor proposes to retain the property and pay the claim over time, pursuant to § 1325(a)(5)(B), neither should it be bifurcated when the debtor proposes to treat the claim by surrender of the collateral, pursuant to § 1325(a)(5)(C). Allowing the secured creditor to assert a deficiency claim after disposition of the vehicle, would permit the very thing which the hanging paragraph prohibits, which is bifurcation of the claim. Denial of the deficiency claim upon surrender recognizes the claim as fully secured, a result consistent with the outcome when the debtor chooses to retain the collateral and pay the claim.

349 B.R. at 603.

A minority of courts hold that a creditor can assert an unsecured claim for a deficiency after disposal of the vehicle. <u>Dupaco Community Credit Union v. Zehrung</u>, (<u>In re Zehrung</u>), 351 B.R. 675 (Bankr. W.D. Wis. 2006); <u>In re Hoffman</u>, 2006 WL 3813775 (Bankr. E. D. Mich., Dec. 28, 2006). ("Nothing in the language of § 1325(a)(5) suggests that surrender of the vehicle *satisfies* the 'allowed secured claim provided for by the plan.'"); <u>In re Duke</u>, 345 B.R. 806 (Bankr. W.D. Ky., 2006) (hanging paragraph is ambiguous; if Congress had intended to enact an anti-deficiency provision, it would have made its intentions very clear in the statute); <u>DaimlerChrysler Financial Americas, LLC v. Barton</u>, (<u>In re Barton</u>), Ch. 13, Case No. 06-41283 PWB (Bankr. N.D. Ga., Dec. 14, 2006).

The Court is persuaded that it should follow the majority of courts which hold

8

that a Chapter 13 debtor can surrender a vehicle in full satisfaction of the secured creditor's claim. The Court is persuaded that the hanging paragraph applies to all subsections of section 1325(a)(5). The hanging paragraph provides that "section 506 shall not apply to a claim described" in section 1325(a)(5). The Court is persuaded that the statute is clear and unambiguous and that the Court should apply it as enacted by Congress.

An order in accordance with this memorandum opinion will be entered this date.

DATED this 23rd day of February 2007.

　　　　　　　　　　　　　　　　　　　　　/s/ Robert F. Hershner
　　　　　　　　　　　　　　　　　　　　ROBERT F. HERSHNER, JR.
　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Court